

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 7-2-13

DEPUTY CLERK



O

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUL - 2 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW GJERSVOLD, | Case No. CV 13-0344-MWF (JPR) |
| Petitioner, | |
| vs. | MEMORANDUM OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS HABEAS PETITION AND DISMISSING ACTION WITH PREJUDICE |
| JEFFREY BEARD, | |
| Respondent. | |

## PROCEEDINGS

On January 17, 2013, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. On January 22, 2013, the Magistrate Judge issued an Order Requiring Response to Petition, noting that if Respondent filed a motion to dismiss the Petition, Petitioner would have 20 days from service of the motion to file any opposition to it. On April 17, 2013, after two extensions of time, Respondent filed a Motion to Dismiss the Petition and a supporting memorandum, arguing that (1) the Court lacked jurisdiction to decide the Petition because Petitioner was not in custody at the time it was filed and (2) the Petition was time barred under the one-year statute of limitations for filing federal habeas petitions.

1

1    On May 28, 2013, the Magistrate Judge issued a minute order

2    noting that Petitioner's opposition to Respondent's motion to

3    dismiss had been due on May 7, 2013, and that under Local Rule 7-

4    12, failure to file opposition to any motion "may be deemed

5    consent to the granting . . . of the motion."  The Magistrate

6    Judge afforded Petitioner "one more opportunity" to file his

7    opposition, but she expressly warned him that failure to do so

8    within 14 days could result in the Court's granting Respondent's

9    motion on that basis.  On June 3, 2013, the Magistrate Judge's

10   minute order was returned to the Court by the U.S. Postal Service

11   with a notation that there was "no authorization to receive mail

12   for this address."   To date, Petitioner has not filed any

13   opposition to Respondent's motion or notified the Court of his

14   current address.[1]

15                              **BACKGROUND**

16        On August 23, 2010, Petitioner pleaded no contest to two

17   counts of possessing an assault weapon (Cal. Penal Code

18   § 12280(b) (2010)) and one count of possession of a deadly

19   weapon, specifically, a "billy," or police baton (Cal. Penal Code

20   § 12020(a) (2010)).  (Pet. at 2; Mem. Supp. Pet. at 1; Lodged

21   Doc. 1 at 1, 3; Lodged Doc. 7.)  On December 2, 2010, Petitioner

23        [1]    The Court may dismiss the Petition on these grounds
24   alone.   See Local R. 7-12 ("The failure to file any required
     document, or the failure to file it within the deadline, may be
25   deemed consent to the granting or denial of the motion."); Local R.
     41-6 (court may dismiss action for want of prosecution when "mail
26   directed by the Clerk to a pro se plaintiff's address of record is
     returned undelivered by the Postal Service" and "plaintiff fails to
27   notify, in writing, the Court and opposing parties of [his] current
     address" within 15 days).  The Court has nevertheless decided the
28   motion on the merits.

                                   2

1  was sentenced to three years in state prison and granted 532 days

2  of presentence credit.  (Pet. at 2; Mem. Supp. Pet. at 6; Lodged

3  Doc. 1 at 1; Lodged Doc. 7.)

4       On appeal, Petitioner's appellate counsel filed an opening

5  brief but did not raise any claims in it.  (See Lodged Doc. 1 at

6  2.)  On August 23, 2011, Petitioner filed pro se a brief raising

7  four claims of ineffective assistance of trial counsel.  (See

8  id.)  On September 11, 2011, Petitioner was released from prison

9  on parole.  (Lodged Doc. 6 at 4.)

10      On November 14, 2011, the court of appeal found "no

11 evidence" that Petitioner had filed a certificate of probable

12 cause, as required by California Penal Code section 1237.5 and

13 Rule 8.304(b)(1) of the California Rules of Court.[2]  (Lodged Doc.

14 1 at 4-5.)  The court therefore "[did] not reach his claims that,

15 in effect, challenge the validity of his plea."  (Id. at 5.)  The

16 court noted, however, that it had "examined the entire record"

17 and was "satisfied that [Petitioner's] attorney has fully

18 complied with his responsibilities and that no arguable issues

19 exist."  (Id. at 6.)  On December 5, 2011, Petitioner was placed

20

21        [2]   Penal Code section 1237.5 provides that "[n]o appeal
22 shall be taken by the defendant from a judgment of conviction upon
   a plea of guilty or nolo contendere" except when (1) the defendant
23 has filed with the trial court a written statement executed under
   penalty of perjury that "show[s] reasonable constitutional,
24 jurisdictional, or other grounds going to the legality of the
   proceedings" and (2) "[t]he trial court has executed and filed a
25 certificate of probable cause for such appeal with the clerk of the
   court."   Rule 8.304(b)(1) states that in order to appeal from a
26 superior court judgment after entering a plea, "the defendant must
27 file in that superior court with the notice of appeal . . . the
   statement required by Penal Code section 1237.5 for issuance of a
28 certificate of probable cause."

1  on nonrevocable parole.  (Lodged Doc. 6 at 4.)

2    On April 11, 2012, Petitioner filed a habeas petition in the

3  state superior court.  (Lodged Doc. 2, Attach.)[3]  On May 1, 2012,

4  Petitioner was discharged from his nonrevocable parole.  (Lodged

5  Doc. 6 at 4.)  On May 7, 2012, the superior court denied the

6  petition because it "contain[ed] only vague, conclusory

7  allegations" and "failed to show a prima facie case for relief."

8  (Lodged Doc. 2, Attach.)

9    On July 2, 2012, Petitioner filed a habeas petition in the

10  state court of appeal, which summarily denied it on July 18,

11  2012.  (Lodged Docs. 2, 3.)  On September 27, 2012, Petitioner

12  filed a habeas petition in the state supreme court, which

13  summarily denied it on October 31, 2012.  (Pet. at 4-5; Lodged

14  Doc. 4.)[4]

15                        **PETITIONER'S CLAIM**

16    Trial counsel rendered constitutionally ineffective

17  assistance by "abandoning a motion to suppress without conducting

18  reasonable investigation."  (Pet. at 5.)

19

20  ────────────────────

21    [3]    Respondent did not separately lodge Petitioner's April
    11, 2012 superior court petition or that court's decision, but
22  copies of those documents were attached to the state court of
    appeal petition Petitioner subsequently filed.  (See Lodged Doc.
23  2.)

24    [4]    Respondent's Notice of Lodging of Documents states that
25  lodged document five is "Minutes, dated October 31, 2012,
    reflecting order denying petition for writ of habeas corpus in
26  California Supreme Court case number S205633," but that document
    was not included in the documents lodged with the Court.   The
27  Court's review of the California Appellate Courts' Case Information
    website, however, confirms that the supreme court denied the
28  petition on October 31, 2012.

                                4

# DISCUSSION

Pursuant to 28 U.S.C. § 2254(a), a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Section 2254(a)'s custody requirement "has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is under the conviction or sentence under attack at the time his petition is filed."  Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010) (citation and internal quotation marks omitted); see also Maleng v. Cook, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 1925, 104 L. Ed. 2d 540 (1989) (per curiam) (interpreting § 2254(a) "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed").  Because the custody requirement is jurisdictional, "it is the first question [the court] must consider."  Bailey, 599 F.3d at 978 (internal citation and quotation marks omitted).

"The boundary that limits the 'in custody' requirement is the line between a 'restraint on liberty' and a 'collateral consequence of a conviction.'"  Id. at 979 (citation, some internal quotation marks, and alteration omitted).  Thus, a petitioner on parole is considered to be "in custody."  Jones v. Cunningham, 371 U.S. 236, 242-43, 83 S. Ct. 373, 376-77, 9 L. Ed. 2d 285 (1963).  Once the sentence imposed for a conviction has "completely expired," however, the collateral consequences of that conviction are not sufficient to render an individual "in

custody" for purposes of a habeas petition. <u>Maleng</u>, 490 U.S. at 492.

Petitioner was discharged from prison on September 11, 2011, and completed his parole term on May 1, 2012. (Lodged Doc. 6 at 4.) Petitioner filed his federal Petition more than eight months later, on January 17, 2013. Thus, Petitioner was not "in custody" when he filed his federal Petition. <u>See Tatarinov v. Superior Ct.</u>, 388 F. App'x 624, 625 (9th Cir. 2010) (noting that "a defendant is no longer 'in custody' once he is discharged from probation or parole"); <u>see also Maleng</u>, 490 U.S. at 492 ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction."). Although a petitioner may be "in custody" if his petition challenges a more recent conviction on the ground that its sentence was enhanced by virtue of the allegedly invalid earlier conviction, <u>see Lackawanna Cnty. Dist. Attorney v. Coss</u>, 532 U.S. 394, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001), here, Petitioner has not alleged that he was subsequently convicted of any offense. Indeed, he was not incarcerated at the time he filed his federal Petition. (<u>See</u> Pet. at 1 (showing nonprison address).) The Court therefore lacks jurisdiction to review the Petition.[5]

_____

[5]    Because the Court lacks jurisdiction to consider the Petition, it does not address Respondent's argument that the Petition is untimely under 28 U.S.C. § 2244(d).

1

**ORDER**

2          IT THEREFORE IS ORDERED that Judgment be entered granting

3    Respondent's motion to dismiss and dismissing the Petition with

4    prejudice.

5

6    DATED:  _July 1, 2013_

7                                        _____

                                         MICHAEL W. FITZGERALD
8                                        U.S. DISTRICT JUDGE

9

     Presented by:
10

11   _____
     Jean Rosenbluth
12   U.S. Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    7